IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| SEALMAR REGIS REDSTAR, | Cause No. CV 23-30-BLG-SPW |
| Plaintiff, | ORDER |
| v. | |
| STATE OF MONTANA, | |
| Defendant. | |

This matter is before the Court on a document filed by pro se prisoner Sealmer Regis Redstar. (Doc. 1.) The Court construed Redstar's filing as a prisoner civil rights complaint, but noted that Redstar did not use the Court's standard form and that the matter was captioned for state court. (*See* Doc. 2.) Because it was unclear whether or not Redstar intended to proceed in this Court, he was directed to file an amended complaint. (*Id.*) On April 24, 2023, Redstar filed his Amended Complaint, (Doc. 3), and a motion to proceed in forma pauperis (IFP). (Doc. 4.) On that same day, the Court granted Redstar's motion to proceed IFP. (Doc. 5.)

Redstar is a prisoner proceeding IFP; accordingly this Court must review his Complaint. *See* 28 U.S.C. § 1915 and § 1915A. These provisions require the Court

1

to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* Sections 1915A(b) and 1915(e)(2)(B).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under modern pleading standards, Rule 8 requires a complaint to "contain a sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*citing Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than…unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted).

The Court liberally construes the pleading to determine whether a case should be dismissed for failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual

and legal basis. *See Jackson v. Arizona*, 885 F. 2d 639, 640 (9th Cir. 1989)(discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded on other grounds by Lopez v. Smith*, 203 F. 3d 1122 (9th Cir. 2000).

In his Amended Complaint, Redstar names the State of Montana as the sole defendant. (Doc. 3 at 1.) Redstar does not explain the factual basis underlying his complaint, instead he seems to indicate his is falsely imprisoned and cites to *Brady v. Maryland*, 373 U.S. 83 (1963).[1] (*Id.* at 4.) Redstar seems to allege that on July 27, 2021, some unidentified violation occurred while he was incarcerated at the Yellowstone County Detention Facility. (*Id.* at 4-5.) He states that he has been affected physically, mentally, emotionally, stressfully, and spiritually. (*Id.* at 5.) He also seems to indicate that jail house medical staff was also somehow involved in a purported violation. (*Id.*) He explains when he arrived at Montana State Prison (MSP) he filed a grievance, advising authorities he should still be in county jail fighting his criminal charges with a new bond in place and a new lawyer. (*Id.* at 7.) Someone at MSP apparently advised him that the courts would fix whatever problem had occurred, but he remains incarcerated. (*Id.*) Redstar fails to explain how he believes his rights have been violated.

Aside from *Brady*, Redstar does not identify any federal constitutional or

---

[1] In *Brady*, the Court held that "suppression by the prosecution of evidence favorable to an accused…violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or the bad faith of the prosecution." *Brady*, 373 U.S. at 87.

statutory rights that he claims have been violated. (*Id.* at 3.) Moreover, he supplies no factual basis to explain the nature of any purported *Brady* violation. He also fails to identify any relief sought. (*Id.* at 5.) Thus, in his amended complaint, Redstar fails to state a viable claim upon which relief might be granted.

Additionally, the Eleventh Amendment bars suit in federal court against a state and/or a state agency absent a valid abrogation of immunity by Congress or an express waiver of immunity by the State. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267–268 (1997); *Edelman v. Jordan*, 415 U.S. 651, 653 (1974); *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). The State of Montana has waived immunity only for tort claims brought in state court. Mont. Code Ann. § 2-9-101 et seq. Hence any claim against the State of Montana cannot be brought in federal court and will be dismissed.

It appears that on June 25, 2021, Redstar was sentenced in Montana's Thirteenth Judicial District Court, Yellowstone County, on various criminal matters, including offenses of Partner/Family Member Assault, Aggravated Assault, Aggravated Burglary, and probation violations.[2] To the extent that Redstar believes this Court may intervene in his underlying state criminal

---

[2] See Montana Correctional Network: https://app.mt.gov/conweb/Offender/3027174/ (accessed June 12, 2023).

4

proceedings and/or direct a new change of plea hearing be held, this Court cannot provide such relief. Federal district courts, as courts of original jurisdiction, may not serve as appellate tribunals to review errors allegedly committed by state courts. *MacKay v. Pfeil*, 827 F.2d 540, 543 (9th Cir. 1987); *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970) ("lower federal courts possess no power whatever to sit in direct review of state court decisions"). *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923) (jurisdiction possessed by the District Courts is strictly original; entertaining a proceeding to reverse or modify state court judgment would be an exercise of appellate jurisdiction). Thus, in order to appeal or have a higher court review his state criminal proceedings, Redstar must appeal to the Montana Supreme Court.

Redstar's claims are difficult to follow, but it appears that an action under 42 U.S.C. § 1983, may not be the proper vehicle to attempt to secure the relief he seeks. For example, prisoners seeking to challenge the conditions of their confinement may file suit under § 1983. But a prisoner seeking to challenge his state court judgment on the "ground that he is in custody in violation of the Constitution or laws or treaties of the United States" may have recourse in federal habeas. *See* 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal

custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A claim challenging prison policies and procedures is only "cognizable in habeas if it will 'necessarily spell speedier release' from custody, meaning that the relief sought will either terminate custody, accelerate the future date of release from custody, or reduce the level of custody." *Skinner v. Switzer*, 131 S. Ct. 1289, 1299 n. 13 (2001).

Because it appears that Redstar may be attempting to challenge the validity of his state court convictions, such a challenge may be properly brought in federal habeas rather than as a civil rights complaint. The Clerk of Court will also be directed to supply Redstar with a copy of the Court's standard 28 U.S.C. § 2254 petition form. Any challenges Redstar seeks to make regarding the legality of his state conviction, sentence, or current custody may be brought in a separate action under § 2254.

28 U.S.C. §§ 1915 and 1915A require the dismissal of a complaint that fails to state a claim upon which relief may be granted but do not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by

6

amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)). Redstar has failed to state a claim for relief. Further, he names the State of Montana as the sole defendant and the State is immune from suit under 42 U.S.C. § 1983. These deficiencies could not be cured by amendment. Accordingly, leave to amend would be futile and this matter will be dismissed.

Based upon the foregoing, the Court issues the following:

## ORDER

1. This matter is DISMISSED. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court is directed to provide Redstar with a copy of the Court's form 28 U.S.C. § 2254 Petition.

3. The Clerk of Court is directed to have the docket reflect that the Court certifies that, pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure, any appeal of this decision would not be taken in good faith.

DATED this 14th day of June, 2023.

Susan P. Watters
United States District Court Judge